IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS

| | |
|---|---|
| ABIGAIL GROSSHUESCH, Individually, and as Next Friend and Administrator of the Estate of ISABELLA ZORMELO, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>Mead Johnson & Company, LLC; and Mead Johnson Nutrition Company,<br><br>Defendants. | CASE NO.<br>3:21-cv-1461<br><br><br>Removed From: The Circuit Court of the Third Judicial Circuit, Madison County, Illinois<br>Cause No. 2021L 001259 |

**DEFENDANTS MEAD JOHNSON & COMPANY, LLC AND
MEAD JOHNSON NUTRITION COMPANY'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendants Mead Johnson & Company, LLC ("MJ&C") and Mead Johnson Nutrition Company ("MJNC") (collectively, "Mead Johnson" or "Defendants"), by and through their attorneys, hereby remove the above-captioned action from the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.  In support of this Notice of Removal, the Defendants state the following:

1. On October 18, 2021, Plaintiff Abigail Grosshuesch, individually and as next friend and administrator of the estate of Isabella Zormela ("Plaintiff"), commenced an action in the Third Judicial Circuit, Madison County, Illinois, captioned Abigail Grosshuesch, Individually, and as next friend and administrator of the estate of Isabella Zormela, Deceased, vs. Mead Johnson & Company, LLC, and Mead Johnson Nutrition Company.  A true and correct copy of the Summons

and Complaint is attached hereto as **Exhibit 1**. A true and correct copy of Plaintiffs' Proof of Service of the Summons to MJ&C and MJNC are attached hereto as **Exhibits 2 & 3**, respectively. **Exhibits 1-3** constitute all the pleadings in this action and all process related thereto.

2. The Complaint asserts twelve claims against Mead Johnson, including product liability claims for design defect, failure to warn, negligence, intentional misrepresentation, negligent misrepresentation, consumer fraud and deceptive business practices, and various counts of loss of consortium. Compl. at 22-40, ¶¶ 1-96.

3. On October 21, 2021, the Mead Johnson entities received service of a copy of the Summons and Complaint. Exs. 2-3.

4. Mead Johnson believes Plaintiff's claims are without merit.

5. Mead Johnson has not made any filings in the state court action.

6. This Notice of Removal is being filed in the United States District Court for the District of Southern Illinois, the district in which the case is pending.

7. This Notice of Removal is being filed within thirty days of Mead Johnson's receipt of service of the Summons and Complaint, as required by 28 U.S.C. § 1446(b).

8. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1), because this is an action between citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

9. On information and belief, as alleged in the Complaint, Abigail Grosshuesch is a citizen of Florida. Compl. ¶3. Isabella Zormela, the deceased, was born and received care at Edward Hospital in Naperville, Illinois, and thus Plaintiff is a citizen of Illinois. *Id*. at ¶10; *see* 28

U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]").

10. Defendant MJNC is a corporation, incorporated under the laws of the State of Delaware. Its principal place of business is Evansville, Indiana. MJ&C is a limited liability company, organized under the laws of the State of Delaware. Its citizenship is that of its sole member, MJNC. Thus, Mead Johnson is a citizen of Delaware and Indiana. 28 U.S.C. § 1332(c)(1) ("A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."); *see* **Exhibit 4**.

11. Because Plaintiff and Defendants are citizens of different states, the parties are diverse pursuant to 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY

12. Diversity jurisdiction under 28 U.S.C. § 1332 also requires that the amount in controversy, exclusive of interest and costs, be in excess of $75,000.

13. The Complaint alleges that Isabella Zormela was less than a month old at the time of death. Comp. ¶ 10-23.

14. The Complaint alleges damages for emotional distress, loss of enjoyment of life, pain and suffering, mental anguish, loss of consortium, other non-economic losses, out-of-pocket costs, lost income and/or lost revenue, and/or lost profits, and/or lost business opportunity, lost earning capacity, and costs related to medical or mental health treatment, and all other damages permitted by law. Compl. ¶¶ 97-102.

15. The Complaint does not plead a specific amount in controversy.

16. Mead Johnson believes that Plaintiff's claims are without merit, and that Plaintiff is not entitled to any damages. But facially, the complaint establishes that it is more likely than not that the damages sought by Plaintiff will exceed $75,000.00.

17. Cases involving the death of a child regularly concern amounts in controversy in excess of $75,000. *See, e.g.*, *Simmons v. Univ. of Chicago Hosps. & Clinics*, 247 Ill. App. 3d 177, 190–91 (1993), *aff'd,* 162 Ill. 2d 1 (1994) (upholding damage award of $1.6 million for parental loss of society resulting from the death of an infant as not excessive); *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 1, 95 N.E.3d 1243, 1247 (wrongful death action settled for $750,000).

## **NON-WAIVER OF DEFENSES**

18. By filing this Notice of Removal, the Defendants do not waive any available defenses, including, but not limited to, those defenses available under Rule 12 of the Federal Rules of Civil Procedure or otherwise. *Prod. Components, Inc. v. Regency Door & Hardware, Inc.*, 568 F. Supp. 651, 655 (S.D. Ind. 1983) ("Upon removal a defendant may assert any defense that would have been available to him in state court and which has not been lost through the operation of either Fed.R.Civ.P. 12(g) or (h)."); *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020) ("On removal, a defendant brings its defenses with it to federal court."); *id*. (collecting cases); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1395 (3d ed. 2019) ("A party who removes an action from a state to a federal court does not thereby waive any of his or her Federal Rule 12(b) defenses or objections."); 17 James Wm. Moore, *Moore's Federal Practice* § 111.36[5][b] (3d ed. 2019).

## **CONCLUSION**

19. Complete diversity exists between Plaintiff, a citizen of Illinois, and Defendants, which are citizens of Delaware and Indiana, and the amount in controversy exceeds $75,000. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a).

20. The Defendants will provide Plaintiff with prompt written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d), and will file and copy of this Notice of Removal with the Clerk of the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, where the Complaint was originally filed.

WHEREFORE, the Defendants request that this action be removed from the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, to the United States District Court for the Southern District of Illinois.

Dated: November 19, 2021

*/s/ Anthony Anscombe*
Anthony J. Anscombe (IL # 6257352)
Jamie N. Witte (IL #6335183)
STEPTOE & JOHNSON LLP (IL #43315)
227 West Monroe Ave., Suite 4700
Chicago, IL 60606
(312) 577-1300
aanscombe@steptoe.com
jwitte@steptoe.com

Donald M. Flack
Patrick J. Kenny
ARMSTRONG TEASDALE LLP
115 N. Second St.
Edwardsville, Illinois 62025
Phone: (618) 800-4141
dflack@atllp.com
pkenny@atllp.com
*Attorneys for Defendants Mead Johnson Nutrition Company and Mead Johnson & Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of November, 2021 the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Anthony J. Anscombe*
Anthony J. Anscombe
