IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ABIGAIL GROSSHUESCH, Individually, and as Next Friend and Administrator of the Estate of ISABELLA ZORMELO, Deceased,<br>   Plaintiff,<br><br>vs.<br><br>MEAD JOHNSON & COMPANY, LLC; and MEAD JOHNSON NUTRITION COMPANY,<br>   Defendants. | CASE NO. 3:21-cv-1461 |

## MOTION TO REMAND

Plaintiff Abigail Grosshuesch hereby moves this Court to remand this action to the Circuit Court of Madison County, Illinois pursuant to 28 U.S.C. § 1367(c). Defendants Mead Johnson & Company, LLC (MJ&C) and Mead Johnson Nutrition Company (MJNC) are citizens of Illinois. Because Defendants are citizens of Illinois, the forum defendant rule—which precludes diversity-based removal by a forum defendant—requires remand. Accordingly, the Court should grant the motion to remand.

## INTRODUCTION

This case involves the death of a premature infant. The Complaint alleges that this preventable tragedy was caused by the Defendants' products. It relies upon numerous studies, going back decades, showing that cow's milk derived infant formulas significantly increase the risk of premature infants developing a potentially fatal disease called Necrotizing Enterocolitis ("NEC"). Plaintiff's claims arise exclusively from state law. Defendants' presumed claim that the forum defendant rule does not apply relies on their conclusory assertion that neither Defendant is a citizen of Illinois. They provide no support whatsoever for their claimed citizenship in Indiana.

It is contrary to Defendants' own assertions in another federal court less than six months ago. It is also contrary to their public representations. They have thus failed to carry their heavy burden to show that removal is proper.

## LEGAL STANDARD

Federal law provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A federal district court has subject-matter jurisdiction over actions involving complete diversity between the parties with an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). But the forum defendant rule provides an exception: "A civil action otherwise removable solely on the basis" of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). A corporation is a citizen of the state of its incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). The location of a corporation's "principal place of business" is determined by ascertaining where a corporation's officers direct, control, and coordinate its activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010).

"'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (citation omitted). "Doubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006).

## ANALYSIS

**A.    Plaintiff's Complaint Alleges that Defendants' Principal Place of Business is Illinois.**

"In deciding whether to remand a case, the Court assumes the truth of the factual allegations of the complaint." *Praetorian Ins. Co. v. First Class Grp., Inc.*, No. 16-cv-9565, 2017 U.S. Dist. LEXIS 75672, at *4-5 (N.D. Ill. May 18, 2017) (citation omitted). The Complaint alleges that MJNC's principal place of business is Illinois, and that as a result both MJNC and MJ&C are citizens of Illinois. Notice, Exhibit 1, at 2. Taking those allegations as true in deciding whether to remand this case, Defendants MJNC and MJ&C are citizens of Illinois and so the forum defendant rule requires remand.[1]

**B.    Defendants Have Failed to Carry Their Burden to Show That Their Principal Place of Business is Indiana, Not Illinois**

Defendants claim in their Notice of Removal that both MJ&C and MJNC are citizens of Indiana. They provide no support for that claim whatsoever. The Notice simply states that MJNC's "principal place of business is Evansville, Indiana." Notice at 3. It then states that MJ&C, in turn, is a citizen of Indiana because it "is a limited liability company" and its "citizenship is that of its sole member, MJNC." *Id.* The only exhibit Defendants attach that is relevant to their citizenship is an "Amended Annual Franchise Tax Report" in Delaware for MJNC in 2020, which includes another self-drafted conclusory assertion that its principal place of business is Indiana. *See* Notice, Exhibit 4.

Defendants' conclusory, unsupported, and self-serving statements in their Notice and self-drafted Delaware tax filing that they are citizens of Indiana falls far short of meeting their heavy

---

[1] There is no dispute that Defendants are properly joined and served prior to removal. MJ&C and MJNC were served on October 21, 2021 (Ex. 1). The Notice of Removal was filed on November 19, 2021. (Ex. 2.)

burden to show that removal is proper. Even where a defendant submits declarations from the key officers of the company, courts scrutinize such conclusory statements. *See, e.g.*, *Channon v. Westward Mgmt*, No. 19-cv-05522, 2020 U.S. Dist. LEXIS 43697 (N.D. Ill. Mar. 13, 2020) (remanding despite declarations from officers that their principal place of business was outside of the forum state, because "the Court is left with the suspicion that further detail may have been withheld because it would not have been helpful to [defendant's] position."). Defendants here have offered far less than that. The Notice thus fails to remove all doubts that remand is proper. *See Alsup*, 435 F. Supp. 2d at 841.

Far beyond failing to carry their burden, it appears that Defendants' conclusory statement is simply false. MJNC has repeatedly held itself out as an Illinois company whose headquarters and principal place of business is Chicago, Illinois. That continues to this day. On August 16, 2021, it filed an answer in federal court stating:

> The MJ Defendants admit that defendant MJNC is organized under the laws of the State of Delaware, has its principal place of business in the state of Illinois, and has operations in the State of Indiana.

*Sanchez et al v. Abbott Laboratories, Inc., et al* 6:21-cv-00502-RBD-EJK (M.D. Fla.) (Document 45, ¶9, Filed August 16, 2021).

That admission resolves the issue in this Motion. Defendants offer nothing beyond their conclusory statements to indicate that their principal place of business has changed in the past several months. Answers are considered "judicial admissions" which have "the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of fact." *American Title Ins. Co. v. Lacelaw Corp.* 861 F. 2d 224, 226 (9th Cir. 1988). This court may take "judicial notice" of pleadings in other lawsuits. *Rothman v. Gregor,* 220 F. 3d 81, 92 (2d. Cir. 2000).

And in fact, nothing has changed. On its website, MJNC currently lists its "Global Headquarters" S 225 North Canal Street, Chicago, Illinois:



*See* https://www.meadjohnson.com/company/contact-us (last visited on December 16, 2021). Contrary to their conclusory contention in the Notice, all public information indicates that MJNC has its principal place of business in Illinois.

Accordingly, both MJNC and MJ&C (who Defendants concede must be a citizen of the same state as MJNC) are citizens of Illinois. Because Defendants are citizens of Illinois and were

properly served before this case was removed, the forum defendant rule applies and this Court must grant the motion to remand.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's motion and remand this action to the Circuit Court of Madison County, Illinois.

Dated: December 17, 2021   Respectfully submitted,

By: /s/David Cates
David Cates #6289198
**CATES MAHONEY, LLC**
216 West Pointe Drive, Suite A
Swansea, IL 62226
Telephone:   618-277-3644
Facsimile:   618-277-7882
Email:   dcates@cateslaw.com

Elizabeth Kaveny
Jeffrey Kroll
Ava Gehringer
**KAVENY + KROLL, LLC**
One Prudential Plaza
130 E. Randolph St., Unit 2800
Chicago, IL 60601
Phone: (312) 761-5585
Facsimile: (312) 586-8011
Elizabeth@kavenykroll.com
jeffrey@kavenykrkoll.com
ava@kavenykroll.com

Stephen M. Reck
Jose Rojas
Scott D. Camassar
Paul Levin
**LEVIN, ROJAS, CAMASSAR, & RECK, LLC**
391 Norwich-Westerly Road
North Stonington, CT 06359
Phone: (860) 535-4040
Facsimile: (860) 535-4040
attorneyreck@yahoo.com

rojas@ctlawyer.net<br>
plevin1111@aol.com<br>
***Attorneys for Plaintiff***

## PROOF OF SERVICE

I hereby certify that on December 17, 2021, I electronically filed "MOTION TO REMAND" with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to all parties of record.

/s/David Cates