IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ABIGAIL GROSSHUESCH, Individually, and as Next Friend and Administrator of the Estate of ISABELLA ZORMELO, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>Mead Johnson & Company, LLC; and Mead Johnson Nutrition Company,<br><br>Defendants. | CIVIL ACTION NO.<br>3:21-cv-1461 |

**MEAD JOHNSON'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Plaintiff Abigail Grosshuesch, individually, and as next friend and administrator of the estate of Isabella Zormelo, deceased, ("Plaintiff") seeks remand based on one issue: her mistaken belief that Defendants Mead Johnson & Company, LLC and Mead Johnson Nutrition Company, (collectively, "Mead Johnson") are citizens of Illinois and, thus, subject to the forum defendant rule set forth at 28 U.S.C. §1441(b)(2). Plaintiff is wrong.

There is no dispute that Mead Johnson & Company, LLC is a citizen of the state of its member, Mead Johnson Nutrition Company. *See Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("[L]imited liability companies are citizens of every state of which any member is a citizen."). Plaintiff's motion argues only that Mead Johnson Nutrition Company's principal place of business is Illinois, thereby preventing removal under the forum defendant rule. Plaintiff cites two pieces of evidence to support her assertion: Mead Johnson's answer to jurisdictional allegations in a different case, and a statement on a company website which has not been updated since 2017. Neither creates a factual dispute, and

1

even if they did, the evidence overwhelmingly demonstrates that Mead Johnson Nutrition Company is NOT a citizen of Illinois.

Accordingly, Mead Johnson requests that the Court deny Plaintiff's Motion to Remand.

## I.   BACKGROUND FACTS

Plaintiff filed this lawsuit on October 18, 2021, alleging that Mead Johnson failed to warn consumers that its nutritional products pose serious health risks to premature infants.  Compl. ¶¶ 107-113.  Plaintiff alleges that Mead Johnson products caused her daughter, Isabella Zormelo, to develop necrotizing enterocolitis ("NEC") as an extremely preterm, extremely low birthweight infant.  Compl. at ¶ 10-23.  She alleges that Isabella died as a result of NEC.  Compl. ¶ 23.  Plaintiff alleges that she is a citizen of Florida, but Isabella passed away in DuPage County, Illinois, such that Plaintiff is deemed a citizen of Illinois under 28 U.S.C. §1332(c)(2).  Compl. ¶ 3.  Complete diversity exists.[1]

On November 19, 2021, Mead Johnson removed this suit because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1).  *See* Doc. 1.  On December 9, 2021, Mead Johnson filed a motion to transfer this action to the District Court for the Northern District of Illinois based on improper venue, or in the alternative pursuant to § 1404 in the interests of justice and for the convenience of witnesses.  *See* Doc. 9.  In support of its motion to transfer, Mead Johnson submitted a declaration from Cindy Hasseberg, Vice President of U.S. Medical Sales for Mead Johnson & Company LLC.  Doc. 9-1.  Mead Johnson has <u>resubmitted</u> this declaration, with slight modification, in support of this Opposition.  *See* Declaration of Cindy Hasseberg ("Hasseberg Decl."), filed herewith.  Mead Johnson also submits the Declaration of Amy Cook in support of this Opposition.  *See* Declaration of Amy Cook ("Cook Decl."), filed

---

[1] Mead Johnson Nutrition Company is not a citizen of Illinois.

herewith.  These declarations explain the history of Mead Johnson Nutrition Company's operations in the state of Illinois, including the cessation of management functions in Illinois by the end of 2018.

Ms. Hasseberg has explained that Mead Johnson & Company, LLC, is a Delaware limited liability company that has an Illinois office address at 225 N. Canal Street, Chicago, IL. Hasseberg Decl. ¶ 3; *see also* Doc. 9-1 ¶ 3.  Mead Johnson Nutrition Company, a Delaware corporation, is the sole member of Mead Johnson & Company, LLC.  *Id.* ¶ 4, Ex. A; *see also* Doc. 9-1 ¶ 4.  Both Mead Johnson & Company, LLC and Mead Johnson Nutrition Company maintain their principal place of business in Evansville, Indiana.  *Id.* ¶ 6, Exs. A & B; *see also* Doc. 9-1 ¶ 5.  Although Mead Johnson Nutrition Company did maintain corporate headquarters in Cook County, Illinois for a period of time when it operated as an independent, publicly held company, that ended when Reckitt Benckiser acquired Mead Johnson Nutrition Company in May, 2017.  Hasseberg Decl. ¶ 7 ("After the acquisition of Mead Johnson Nutrition Company by RB in 2017, Mead Johnson transitioned its Illinois based management functions to Evansville, Indiana, to Parsippany New Jersey, or to Slough, UK.").

Similarly, Amy Cook explains that all management functions were moved from Chicago to other locations following the acquisition by Reckitt Benckiser.  Cook Decl. ¶ 3.  This process was complete by the end of 2018.  *Id*.  Today, the Mead Johnson Nutrition Company and Mead Johnson & Company, LLC office at 225 North Canal Street, Chicago, Illinois, fulfills no role other than housing personnel who manage retail (i.e., non-medical) sales accounts, principally that of Walgreens.  *Id.* ¶¶ 3, 7.  Mead Johnson has a few other employees in the state, and all management functions now occur outside of Illinois, either in Evansville, IN, Parsippany, NJ, or in Slough, U.K.  *Id.* ¶ 3.

Following the acquisition, Mead Johnson Nutrition Company did continue to list Chicago, Illinois, as its principal place of business in certain public filings. However, this also changed by September 1, 2021, when Mead Johnson filed an Amended Annual Franchise Tax Report in Delaware, listing Evansville, Indiana as its principal place of business. *See* Hasseberg Decl. ¶ 6, Ex. B. Mead Johnson submits herewith the Declaration of Justin Griner ("Griner Decl."), who authenticates relevant corporate information from the states of Delaware and Indiana based on first-hand knowledge.

In short, the evidence submitted shows that Mead Johnson did, at one time, maintain corporate headquarters in Cook County, but by virtue of its acquisition by Reckitt Benckiser, management functions ceased to occur in Illinois by the end of 2018. Evansville is Mead Johnson's historic home, where it manufactures liquid products, and controls operational aspects of supply chain, medical affairs, regulatory affairs, R&D, the consumer resource center, manufacturing, quality, and sales. *Id.* ¶¶ 2, 9, 11.

On December 17, 2021, Plaintiff filed its motion to remand. Doc. 12. In her motion, Plaintiff argues that the forum-defendant rule bars removal because Mead Johnson is a citizen of Illinois. She cites two tidbits of evidence to support her argument: Mead Johnson's answer to jurisdictional allegations in *Sanchez v. Sara Melissa Sanchez Juan v. Abbott Laboratories, Inc., et al.*, Case 6:21-cv-00502-RBD-EJK, and the "Contact Us" page on the website www.meadjohnson.com. For reasons set forth below, neither piece of evidence rebuts the preponderance of the evidence showing that Mead Johnson is NOT a citizen of Illinois.

**II.     ARGUMENT**

Removal from state court is proper if the action could have originally been filed in federal court. 28 U.S.C. § 1441; *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Under 28 U.S.C. § 1332(a)(1), a federal court has original jurisdiction over

an action between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

The party seeking to invoke federal diversity jurisdiction bears the burden of proof of demonstrating that complete diversity exists and that the amount in controversy requirement is met. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 237 (7th Cir. 1995). "Only jurisdictional facts, such as which state issued a party's certificate of incorporation, or where a corporation's headquarters are located, need be established by a preponderance of the evidence. . . . . In other words, what the proponent of jurisdiction must 'prove' is contested factual assertions." *Majchrzak by & through Majchrzak v. Gap, Inc.*, No. 17-CV-06604, 2018 WL 2220292, at *3 (N.D. Ill. May 15, 2018) (internal citations and quotations omitted). "Affidavits and other relevant evidence may be used to resolve the factual dispute regarding the court's jurisdiction." *Est. of Fromherz v. Huston-Kmiec*, No. 14 C 5460, 2014 WL 4732224, at *1 (N.D. Ill. Sept. 18, 2014) (citing *Kontos v. U.S. Dep't of Lab.*, 826 F.2d 573, 576 (7th Cir. 1987)); *see also Appleby v. Sprint Nextel Corp.*, No. 08-CV-23-JPG, 2008 WL 2130428, at *4 (S.D. Ill. May 20, 2008) ("To resolve a challenge to the facts, a court may receive and weigh evidence outside the allegations in the complaint to determine if it has subject matter jurisdiction over the case."). "In deciding whether to remand a case, the Court assumes the truth of the factual allegations of the complaint *unless they are contradicted by evidence* (such as affidavits) submitted by the defendant." *Congdon v. Cheapcaribbean.com, Inc.*, No. 17 C 5502, 2017 WL 5069960, at *2 (N.D. Ill. Nov. 3, 2017) (emphasis added) (citing *Deb v. Sirva, Inc.*, 832 F.3d 800, 808–09 (7th Cir. 2016)).

    A.    **Mead Johnson's Notice of Removal Sufficiently Alleged That It Is Not a Citizen of Illinois and that Diversity Jurisdiction Exists.**

"[A] defendant seeking to remove to federal court must file in the district court a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Sabrina Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017) (quoting 28 U.S.C. § 1446(a)). Courts apply the same liberal notice pleading standard to notices of removal as set forth in Federal Rule of Civil Procedure 8(a). *See Betzner v. Boeing Co.*, 910 F.3d 1010, 1014 (7th Cir. 2018); *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). It is well-established that the party seeking to remove a case need not submit evidence establishing jurisdiction with the notice of removal. *See, e.g., id.*; *see also, e.g., St. v. Cottrell, Inc.*, No. 09-CV-946-JPG, 2010 WL 750027, at *1 (S.D. Ill. Mar. 3, 2010). "[S]o long as the Court is provided with factual allegations from which removal jurisdiction can be determined, the notice is sufficient." *St. v. Cottrell, Inc.*, 2010 WL 750027, at *1 (citing 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure, § 3733 (3d ed.2006)).

Plaintiff complains that Mead Johnson "provide[d] no support for [their citizenship] claim whatsoever." *See* Doc. 12 at 3. This is untrue. Mead Johnson's removal petition explained that Mead Johnson Nutrition Company's principal place of business is in Evansville, Indiana, (Doc. 1 ¶ 10), and attached its Delaware filing showing the same. Doc. 1-5. It further alleged that Mead Johnson & Company, LLC's principal place of business is that of its sole member. Doc. 1 ¶ 10; *see also Belleville Catering Co.*, 350 F.3d at 692; *Halperin v. Int'l Web Servs., LLC*, 70 F. Supp. 3d 893, 904 (N.D. Ill. 2014) (collecting cases). These allegations were sufficient, and nothing more was required. *See Dart Cherokee Basin Operating Co.*, 574 U.S. at 87. In fact, because Mead Johnson provided its Delaware Amended Annual Franchise Tax Report, its allegations of diversity were actually MORE detailed than those set forth in Plaintiff's Complaint. *Compare* Compl. ¶ 8 *with* Removal Petition, (Doc. 1), ¶ 10.

> **B.      Mead Johnson Has Proven that its Principal Place of Business is Not in Illinois, but in Evansville, Indiana.**

A company's "principal place of business" is its "nerve center," typically where the company maintains headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010); *see also Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). The "nerve center" test looks at the company's "center of overall direction, control, and coordination." *Hertz Corp.*, 559 U.S. at 96.

Here, the evidence overwhelmingly shows that the "nerve center" of Mead Johnson is NOT in Illinois, but in Evansville, Indiana. *See, e.g.*, Cook Decl. ¶ 4. The declarations of Cindy Hasseberg and Amy Cook, explain *why* Mead Johnson Nutrition Company is no longer a citizen of the State of Illinois: it was acquired by Reckitt Benckiser, and management functions in Illinois ceased by the end of 2018 in favor of other locations. *See generally* Hasseberg Decl.; Cook Decl.; *see also* Doc. 9-1. The declarations also make clear that Mead Johnson has continuously maintained its Global R&D and Supply Chain headquarters in Evansville, Indiana, even when it had other management functions in Chicago. Cook Decl. ¶ 11. Operational aspects of Mead Johnson's medical affairs, regulatory affairs, R&D, the consumer resource center, manufacturing, quality, and sales have also been based in Evansville, Indiana. *Id.*

Mead Johnson Nutrition Company has acknowledged that it continued to identify Chicago, Illinois, as its principal place of business in certain public filings made after the acquisition. However, it has since updated its filings to reflect its correct operational headquarters. Hasseberg Decl. ¶ 6, Exs. A & B; *see also* Doc. 1-5. Both Mead Johnson & Company, LLC and Mead Johnson Nutrition Company list their principal places of business as Evansville, Indiana. Hasseberg Decl. ¶ 6; *see also* Doc. 9-1 ¶ 5. Accordingly, the evidence

shows that the "nerve center" of Mead Johnson Nutrition Company is not in Illinois, and it is thus not a citizen of the state. *See Hertz Corp.*, 559 U.S. at 93.

      **C.**      **Plaintiff's Evidence Does Not Demonstrate that Mead Johnson's Principal Place of Business is in Illinois.**

Plaintiff points to two tidbits of evidence to support her argument that Mead Johnson Nutrition Company is a citizen of Illinois: Mead Johnson's answer to jurisdictional allegations in *Sara Melissa Sanchez Juan v. Abbott Laboratories, Inc., et al.*, Case 6:21-cv-00502-RBD-EJK, and the "Contact Us" page on Mead Johnson Nutrition Company's out-of-date website, which lists Chicago as Mead Johnson Nutrition Company's global headquarters. Neither creates a dispute of fact, and neither defeats Mead Johnson's overwhelming evidentiary proof to the contrary.

Regarding *Sanchez*, Mead Johnson answered jurisdictional allegations in an answer dated August 16, 2021. In response to ludicrously long and incorrect allegations about its organizational structure and citizenship, Mead Johnson Nutrition Company admitted that it is organized under the laws of the State of Delaware, has its principal place of business in the state of Illinois, and has operations in the State of Indiana.[2] Plaintiff characterizes this as a "judicial admission." *See* Doc. 12 at 4.[3] Not so.

---

[2] The full allegation and Mead Johnson's response in *Sanchez* are as follows:

> 9. Defendants, Mead Johnson & Company, LLC, and Mead Johnson Nutrition Company, ("collectively Mead") are companies based in Illinois that manufacture, design, formulate, prepare, test, provide instructions, market, label, package, sell, and/or place into the stream of commerce in all fifty states, including Florida, premature infant formula including Enfamil and Enfamil Human Milk Fortifier. Mead Johnson Nutrition Company was at all times material hereto and is now a corporation duly organized, incorporated, and existing under the laws of the State of Delaware with its principal place of business and global headquarters in the State of Illinois and global operations center in the State of Indiana, and is thus a resident, citizen, and domiciliary of Delaware, Illinois, and Indiana. Mead Johnson & Company, LLC was at

8

"[P]leadings in one suit are not binding judicial admissions in the other." *United States v. Romero*, No. 14 C 07643, 2016 WL 5404606, at *4 (N.D. Ill. Sept. 28, 2016) (citing *Enquip, Inc. v. Smith-McDonald Corp.*, 655 F.2d 115, 118 (7th Cir. 1981); *Slate Printing Co. v. Metro*

---

> all times material hereto and is now a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business and headquarters in the State of Illinois. Upon information and belief, at all times material hereto, the individual members of Mead Johnson & Company, LLC were as follows with their citizenship listed in parentheses:  Howard B. Bernick (Illinois); James M. Cornelius (Indiana); Elliot Sigal (Illinois); Michael Grobstein (Indiana); Peter Gervis Ratcliffe (Illinois); Celeste A. Clark (Ohio); Kimberly A. Casiano (Michigan); Robert S. Singer (Ohio);   Anna C. Catalano (Delaware); Charles M. Urbain (Illinois); Stephen W. Golsby (Illinois); Peter Kasper Jakobsen (Illinois); Dirk Hondmann (Illinois); James J. Jobe (Illinois); Steven Altschuler (Illinois); Michael A. Sherman (Indiana); Patrick M. Sheller (New York); James E. Shiah (New York); Ian Eric Ormesher (Illinois); Michel Martinus Gerardus Cup (Illinois); Christopher Richard Stratton (Illinois); Graciela Monteagudo (Illinois); Tom DeWeerdt (Illinois); Kathy Ann MacDonald (Illinois); Peter G. Leemputte (Illinois); Sandra Leung (New York); Lamberto Andreotti (New York); John E. Celentano (New Jersey); Jean-Marc Huet (New Jersey); William P'Pool (Illinois); Stanley D. Burhans (Illinois); Christiaan Augustijns (Illinois); Lynn H. Clark (Illinois).  Additionally, upon information and belief, E.R. Squibb & Sons is a ten-percent owner and/or member of Mead Johnson & Company and is duly organized and existing under the State of Delaware with its principal place of business and headquarters in the State of New Jersey. Upon information and belief, Bristol Myers Squibb Co. is a ten-percent owner and/or member of Mead Johnson & Company and is duly organized and existing under the State of Delaware with its principal place of business and headquarters in the State of New York.
>
> **ANSWER:  The MJ Defendants admit that defendant MJNC is organized under the laws of the State of Delaware, has its principal place of business in the state of Illinois, and has operations in the State of Indiana.  MJC is a Limited Liability Company, whose sole member is MJNC.  MJNC is a wholly owned subsidiary of Reckitt Benckiser PLC.  The MJ Defendants admit that MJC manufactures, designs, formulates, and packages infant formula, including Enfamil infant formula and Enfamil Human Milk Fortifier.  The MJ Defendants admit that MJNC markets and sells the products in all fifty states.  The MJ Defendants deny each and every of the remaining allegations of Paragraph 9.**

[3] Plaintiff's authority is readily distinguishable.  In *Am. Title Ins. Co. v. Lacelaw Corp.*, the court evaluated whether a statement made by a party in a brief *in the same case* constituted a judicial admission.  *See* 861 F.2d 224, 226 (9th Cir. 1988).  In *Rothman v. Gregor*, the court simply took judicial notice of another complaint as a public record.  *See* 220 F.3d 81, 92 (2d Cir. 2000).

*Envelope Co.*, 532 F. Supp. 431, 436 (N.D. Ill. 1982)). "[A] judicial admission binds only in the litigation in which it is made." *Id.* (quoting *Higgins v. Mississippi*, 217 F.3d 951, 954 (7th Cir. 2000)).  While "[a] pleading from one proceeding is admissible as evidence in another proceeding . . . such evidence does not constitute a judicial admission and therefore is not binding or conclusive." *LCI Int'l Telecom Corp. v. Am. Teletronics Long Distance, Inc.*, 978 F. Supp. 799, 802 (N.D. Ill. 1997) (citing *Enquip, Inc.*, 655 F.2d at 118).

Mead Johnson's answer in *Sanchez* thus does nothing to rebut, or even contradict, the evidence supplied by Mead Johnson in this case.  Since the time of its *August 16, 2021* answer in *Sanchez*, Mead Johnson has submitted an Amended Annual Franchise Tax Report in Delaware, updating its information to show that is principal place of business is Evansville, Indiana. Hasseberg Decl. ¶ 6, Ex. B; Griner Decl. ¶ 2, Ex. A.  Mead Johnson's answer *in this case*, filed on December 6, 2021, states the following in response to Plaintiff's allegation:

> 8. This Court has general jurisdiction over this action because Mead maintains its principal place of business in Illinois. 735 Ill. Comp. Stat. Ann. 5/2-209; *see also Rios v. Bayer Corp.*, 2020 IL 125020, ¶ 19 (June 4, 2020) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).
>
> **ANSWER: The allegations of Paragraph 8 state a legal conclusion, to which no answer is required.  Mead Johnson otherwise denies the allegations of Paragraph 8.  Mead Johnson further states that this Court has subject matter jurisdiction for the reasons set forth in Defendants' Notice of Removal.**

Doc. 10 ¶ 8.  Further, and more importantly, the declarations and other evidence before this Court demonstrate that Mead Johnson has long since terminated "nerve center" type functions in Illinois.  *See* Section II.B.

Plaintiff also relies on the "Contact Us" section of Mead Johnson Nutrition Company's website (https://www.meadjohnson.com/company/contact-us).  *See* Doc. 12 at 5.  This website

was last updated in 2017, shortly after Reckitt Benckiser acquired Mead Johnson Nutrition Company. *See* Declaration of Miguel Veiga-Pestana ¶¶ 3, 5, filed herewith. It does not reflect current information about the company or its products. *Id.* ¶¶ 4-5. The website will shortly be decommissioned. *Id.* ¶ 6.

In sum, Plaintiff's motion does nothing to contradict the overwhelming evidence which shows that Mead Johnson Nutrition Company's "nerve center" is NOT in Illinois. *See Hertz Corp.*, 559 U.S. at 93. Mead Johnson Nutrition Company is therefore not a citizen of the state, neither is Mead Johnson & Company LLC, and the forum defendant rule found at 28 U.S.C. 1441(b)(2) does not bar removal.

### III.   CONCLUSION

For the foregoing reasons, Mead Johnson respectfully requests that the Court deny Plaintiff's motion to remand.

Dated: January 7, 2022

/s/ *Anthony Anscombe*
Anthony J. Anscombe (IL # 6257352)
Jamie N. Witte (IL #6335183)
STEPTOE & JOHNSON LLP
227 West Monroe Ave., Suite 4700
Chicago, IL 60606
(312) 577-1300
aanscombe@steptoe.com
jwitte@steptoe.com

Donald M. Flack
Patrick J. Kenny
ARMSTRONG TEASDALE LLP
115 N. Second St.
Edwardsville, Illinois 62025
Phone: (618) 800-4141
dflack@atllp.com
pkenny@atllp.com

*Attorneys for Defendants Mead Johnson Nutrition Company and Mead Johnson &*

*Company, LLC*

12

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January, 2022 the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Anthony J. Anscombe
Anthony J. Anscombe
