**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ABIGAIL GROSSHUESCH, Individually, and as Next Friend and Administrator of the Estate of ISABELLA ZORMELO, Deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>MEAD JOHNSON & COMPANY, LLC; and MEAD JOHNSON NUTRITION COMPANY,<br><br>    Defendants. | CASE NO. 21-cv- 1461 |

**REPLY IN SUPPORT OF MOTION TO REMAND**

  To remain in federal court, Defendants Mead Johnson & Company LLC and Mead Johnson Nutrition Company ("MJNC") (together, "Mead Johnson") must establish by a preponderance of the evidence that MJNC's principal place of business is outside of Illinois.  (Opp. 5 (citing *Majchrzak by & through Majchrzak v. Gap, Inc.,* No. 17-CV-06604, 2018 WL 2220292, at *3 (N.D. Ill. May 15, 2018))).  Doubts concerning that fact must be resolved in favor of remand. *PIRC, LLC v. Qorvis Commc'ns, LLC*, No. 10-CV-08298, 2011 WL 245581, at *1 (N.D. Ill. Jan. 25, 2011).  Mead Johnson contends that MJNC's principal place of business is in Evansville, Indiana, rather than Illinois, but Mead Johnson has not submitted evidence sufficient to establish the truth of that contention.  The forum defendant rule therefore requires remand.

  There is no dispute that a company's "principal place of business" is the company's "nerve center," from which the corporation's officers "direct, control, and coordinate its activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010).  Yet Mead Johnson has submitted no evidence as to the identity or location of the officers responsible for

directing, controlling, or coordinating MJNC's activities.  In the absence of such details, Mead Johnson's bald assertion that "management functions ceased to occur in Illinois by the end of 2018" (Opp. at 4) cannot resolve doubts raised by Mead Johnson's admission to a federal court more than two years later—and just months ago—that MJNC has its principal place of business in Illinois.  *Sanchez et al v. Abbott Laboratories, Inc., et al* 6:21-cv-00502-RBD-EJK (M.D. Fla.) (Document 45, ¶9, Filed August 16, 2021).

Because doubts remain as to MJNC's principal place of business, remand is appropriate. *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006).  In the alternative, plaintiffs should be entitled to take discovery as to MJNC's principal place of business.[1]

### A. Remand is Appropriate Because Mead Johnson Has Not Established That Evansville, Indiana Is MJNC's Principal Place of Business

Mead Johnson argues that the declarations of Amy Cook and Cindy Hasseberg establish that MJNC "is no longer a citizen of Illinois."  Those declarations, however, contain *none* of the information that courts in this Circuit have found relevant to determining the location of a corporation's principal place of business: most importantly, they do not identify the individuals who Mead Johnson contends are responsible for the direction, control, and coordination of the company; nor do they specify where such individuals are located.  *Channon v. Westward Mgmt., Inc.*, No. 19-CV-05522, 2020 WL 1233766, at *6 (N.D. Ill. Mar. 13, 2020) (in determining a

---

[1] Exceptional circumstances warrant the filing of this reply because the procedural posture of the case has not yet allowed Plaintiff to respond to the factual underpinnings purportedly supporting Mead Johnson's removal.  *See* Local Rule 7.1(c).  Mead Johnson's Notice of Removal was bare bones; in contrast, Mead Johnson's opposition to Plaintiff's Motion to Remand includes numerous affidavits purporting to set forth key evidence.  Without a reply, Plaintiff would have no opportunity to contest that evidence.  And, as Plaintiff points out below, Mead Johnson's evidence is deeply flawed.  The Reply is therefore necessary for a vigorous and thorough assessment of the issues.

corporation's nerve center, it is "instructive" to consider "(1) where important decisions are made; (2) where the corporation's general counsel, directors, officers and shareholders are located; (3) where the corporation is funded; and (4) where the corporation's primary bank account exists").

Instead, the declaration of Amy Cook makes the conclusory assertion that "management of . . . company functions has, for several years, resided in Evansville, Indiana, Parsippany, New Jersey, or Slough, UK." (*Id.* ¶ 4.) Yet Ms. Cook also states that "several . . . persons temporarily live in Illinois whose job duties are considered to be assigned" to those management locations. (*Id.* ¶ 4.) Which persons? Which job duties? And what does "temporarily" mean? Management is not accomplished by a place, but by a person or people—and Ms. Cook's declaration makes it impossible to know whether those responsible for directing, controlling, and coordinating MJNC have *ever* relocated from Illinois. Indeed, it is not clear whether Ms. Cook's description of the duties and responsibilities of the employees "in Illinois" (*Id.* ¶ 5) even includes those whose "job duties are considered to be assigned" elsewhere, whatever that evasive corporate jargon might mean.

The declaration of Cindy Hasseberg is even more vague. "Based on [her] knowledge of the Company," Ms. Hasseberg declares that she "believe[s] that the principle [sic] place of business of Mead Johnson & Company, LLC is Evansville, Indiana." (Decl. of Cindy Hasseberg ¶ 6.) The foundation of that belief, however, is unclear. Ms. Hasseberg's immediate follow-up statement that "Evansville is the historic home of Mead Johnson & Company, and has always been the operational center of the formula business" clearly is insufficient to meet Mead Johnson's burden. (*Id.*) Even Mead Johnson does not argue that Evansville has "always been" its principal place of business—in fact, Mead Johnson is explicit that "Mead Johnson Nutrition Company did maintain corporate headquarters in Cook County, Illinois for a period of time," that it continued to

publicly represent that its principal place of business was in Chicago until just a few months ago, and that it continues to maintain an office there. (Opp. at 3-4.) Ms. Hasseberg's more concrete statements refer to the location of manufacturing facilities, sales offices, distribution centers, and "Global R&D and Supply Chain headquarters"—none of which is clearly relevant to the location of MJNC's "nerve center." (Decl. of Cindy Hasseberg ¶¶ 9-13.) Indeed, it is notable that the Ms. Hasseberg delineates a long list of "operational" staff working in Evansville, Indiana, but *does not* identify a single corporate officer or specific decisionmaker on that list. (*Id.* ¶ 11.)

Doubts raised by these declarations must be resolved in favor of the plaintiff and remand. *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006). Indeed, given that information about corporate decisionmakers and their location is "uniquely with [Mead Johnson's] knowledge and easily could have been provided in connection with its opposition to remand," the Court would be justified to remand on that basis alone in "suspicion that further detail may have been withheld because it would not have been helpful to [Mead Johnson's] position." *Channon v. Westward Mgmt., Inc.*, No. 19-CV-05522, 2020 WL 1233766, at *6. Such suspicion should be heighted in this instance, given that Mead Johnson represented to a federal court in a similar lawsuit just a few months ago that its principal place of business is in Illinois, and none of the declarations submitted by Mead Johnson suggest any concrete changes have occurred since that time.

What's left, then, is only Mead Johnson's recent statement on the Delaware Amended Annual Franchise Tax Report that MJNC's principal place of business is now in Evansville, Indiana. None less than the Supreme Court—recognizing the possibility that such forms might be used for "judicial manipulation"—has stated that a corporate filing of such kind "without more" is not "sufficient proof to establish a corporation's 'nerve center.'" *Hertz Corp.*, 559 U.S. at 97.

In light of Mead Johnson's failure to provide more—or to provide any of the specific information courts in this circuit require when evaluating a corporation's assertion as to its principal place of business—this Court should grant the motion to remand.

### B. If Remand Is Not Granted, Discovery Is Warranted

If remand is not granted, Plaintiff should be granted the opportunity to take discovery into the identity of the individuals responsible for the direction, control, and coordination of MJNC, and where those individuals live and work. *Boustead v. Barancik*, 151 F.R.D. 102, 105 (E.D. Wis. 1993) (granting discovery to determine the principal place of business); *Maple Leaf Bakery v. Raychem Corp.*, No. 99 C 6948, 1999 WL 1101326, at *3 (N.D. Ill. Nov. 29, 1999) (ordering evidentiary hearing on company's nerve center).

### CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's motion and remand this action to the Circuit Court of Madison County, Illinois. In the alternative, Plaintiff should be allowed the opportunity to take relevant discovery.

Dated: January 13, 2022

By: /s/David Cates
David Cates #6289198
**CATES MAHONEY, LLC**
216 West Pointe Drive, Suite A
Swansea, IL 62226
Telephone: 618-277-3644
Facsimile: 618-277-7882
Email: dcates@cateslaw.com

Stephen M. Reck (*pro hac vice pending*)
Jose M. Rojas (*pro hac vice pending*)
LEVIN, ROJAS, CAMASSAR, AND RECK, LLC
P.O. Box 431
North Stonington, CT 06359
(860)535-4040

Facsimile: (860)535-3434
attorneyreck@yahoo.com
rojas@ctlawyer.net


Elizabeth A. Kaveny
Jeffrey J. Kroll
Ava B. Gehringer
KAVENY + KROLL, LLC
One Prudential Plaza
130 E. Randolph St., Suite 2800
Chicago, IL 60601
Phone: 312-761-5585
Elizabeth@kavenykroll.com
jeffrey@kavenykroll.com
ava@kavenykroll.com
Firm I.D. No. 63499


*Attorneys for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of January, 2022 the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                      */s/ David Cates*
                                                      David Cates