IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ABIGAIL GROSSHUESCH, Individually, and as Next Friend and Administrator of the Estate of I.Z., Deceased., <br><br> Plaintiff, <br><br> v. <br><br> MEAD JOHNSON & COMPANY, LLC and MEAD JOHNSON NUTRITION COMPANY, <br><br> Defendants. | Case No. 21-CV-1461-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

On October 18, 2021, plaintiff Abigail Grosshuesch, Individually and as Next Friend and Administrator or the Estate of I.Z., Deceased, ("Grosshuesch") filed suit against defendants Mead Johnson & Company, LLC ("MJ&C") and Mead Johnson Nutrition Company ("MJNC"), collectively referred to as Mead, in the Third Judicial Circuit Court in Madison County, Illinois (Doc. 1-1). On November 19, 2021, Mead filed a timely Notice of Removal to this Court pursuant to 28 U.S.C. § 1441 and diversity of citizenship (Doc. 1). At issue is whether the removal was proper.

### BACKGROUND

On December 17, 2021, Grosshuesch filed a Motion to Remand and asserted that this Court lacks jurisdiction because both Mead defendants are citizens of Illinois (Doc. 12). Specifically, Grosshuesch alleges that the forum defendant rule precludes diversity-based removal in this case (*Id.*).

Page 1 of 5

On January 7, 2022, the Mead defendants filed a response in opposition to motion to remand (Doc. 18). In support of the response, the Mead defendants attached the affidavits of several employees, including Cindy Hasseberg – Vice President of U.S. Medical Sales for MJ&C (Doc. 18-1), Amy Cook – Director of Human Resources for parent corporation of MJNC and its subsidiary MJ&C (Doc. 18-4), Justin Griner – Corporate Secretary of MJNC and Legal Director of parent corporation of MJNC and its subsidiary MJ&C (Doc. 18-5), and Miguel Veiga-Pestana – Head of Corporate Affairs and Chief Sustainability Officer for parent corporation of MJNC and its subsidiary MJ&C (Doc. 18-9). Together, the affiants provided information that that MJNC was acquired by Reckitt Benckiser PLC ("RB") in 2017, and that since that time the website has fallen into disuse and that MJNC is a Delaware corporation with its principal place of business in Evansville, IN (*Id.*).

On January 13, 2022, Grossheusch filed a reply, reiterating her contention that the Mead defendants have not shown that removal was proper (Doc. 23). Indeed, Grosshuesch argues that there are doubts and suspicions about the location of the Mead defendants principal place of business.

## ANALYSIS

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction where specifically authorized by federal statute. *See Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008). Under 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state … ." 28 U.S.C. § 1332(a).

As the party invoking the jurisdiction of this Court, Mead defendants bear the burden of establishing federal jurisdiction. *See Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352-353 (7th Cir. 2017). Removal is governed by 28 U.S.C § 1441. Removal is proper if the case could have been originally brought in federal court. *See Northeastern Rural Electric Membership Corp. v. Wabash Valley Power Association, Inc.,* 890 (7th Cir. 2013). When removal jurisdiction is challenged, a court's jurisdiction is measured at the time of removal, and it is not affected by subsequent events. *See In re Shell Oil*, 966 F.2d 1130, 1133 (7th Cir. 1992) (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)).

The purpose of diversity jurisdiction is to provide out-of-state litigants with access to a federal court for fear that such litigants "might otherwise suffer from local prejudice." *Hertz Corp. v. Friend*, 559 U.S. 77, 85 (2010). But, where a defendant is sued in its home state, the local prejudice element is absent, and thus such a defendant should not be able to remove the case to federal court. This is one of the rationales underlying the forum defendant rule. Even where diversity jurisdiction applies, the removing party "must clear the additional hurdle of . . . the forum defendant rule." *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013).

The forum defendant rule limits the removability of diversity cases when a defendant is a citizen of the forum:

> "A civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

Here, Grossheusch argues that the forum defendant rule bars removal based

on diversity jurisdiction. Specifically, Grossheusch alleges that this diversity case cannot be removed because the Mead defendants are citizens of Illinois, and as such, Illinois is the forum state and under as the forum defendant, defendants should be barred from removing this case to federal court. Defendants countered with multiple affidavits claiming that their principal place of business, i.e. corporate headquarters, was located in Evansville, Indiana, not Illinois (Doc. 18).

It is true that federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum. *Schur v. L.A. Weight Loss Ctrs, Inc.,* 577 F.3d 752, 758 (7th Cir. 2009). However, when the plaintiff's choice is not his or her home forum, the presumption in the plaintiff's favor applies with less force. *Clerides v. Boeing Co.,* 534 F.3d 623, 628 (7th Cir. 2008).

As hereinbefore mentioned, the party invoking federal jurisdiction has the burden of establishing that it exists. *See Schimmer v. Jaguar Cars, Inc.,* 384 F.3d 402, 404 (7th Cir. 2004) (a removing defendant must demonstrate "reasonable probability" that subject-matter jurisdiction exists). In deciding whether to remand a case, the Court assumes the truth of the factual allegations of the complaint *unless they are contradicted by evidence* (such as affidavits) submitted by the defendant. *Deb v. Sirva, Inc.*, 832 F.3d 800, 808–09 (7th Cir. 2016) (*emphasis added*). This Court has no doubt that the Mead defendants have shown they are citizens of Delaware and Indiana, not Illinois. Indeed, counsel's "Certificate of Service" as well as the four (4) affidavits attached to "Mead Johnson's Opposition to Plaintiff's Motion to Remand", rebut the allegations of the Complaint and satisfy the burden of establishing federal jurisdiction (Doc. 18). Furthermore, Grossheusch is a resident of Florida, not of

Madison County, Illinois (Doc. 1-1, ¶ 3).

## CONCLUSION

Accordingly, the Court **DENIES** the motion to remand (Doc. 12).

**IT IS SO ORDERED.**

**DATED:  January 20, 2022**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United Stated District Court**